IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| COLLIN WILLIAMS, | ) | No. 71194-6-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| SEATTLE SCHOOL DISTRICT NO. 1, | ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: April 27, 2015 |

BECKER, J. — The Seattle School District decided not to renew the teaching contract of veteran certified teacher Collin Williams. A hearing officer determined that the District had sufficient cause for its decision. Williams appeals, arguing that the District used inapplicable criteria to evaluate him. Because Williams agreed to participate in the District's new teacher evaluation system, we reject this claim. The record also supports the hearing officer's determination that Williams failed to achieve the required level of proficiency during his probation period. We affirm.

FACTS

The Seattle School District first employed Collin Williams as a full-time middle school teacher in 1991. In May 2011, toward the end of the 2010-2011 school year, the assistant principal at Williams's school conducted an annual evaluation of Williams. The evaluator rated Williams as less than proficient in

each of four criteria: planning and preparation, classroom environment, instruction, and professional responsibility. This evaluation also included a 60-day support plan designed to assist Williams in achieving proficient ratings in the 2011-2012 school year. The plan called for periodic reviews to assess his progress.

A new assistant principal became Williams's primary evaluator at the outset of the following school year. The assistant principal prepared five reports based on classroom observations that took place during the support period, between October and December 2011. At the end of the support period, the evaluator again rated Williams as below proficient in each category and recommended a performance improvement plan.

In January 2012, the district superintendent notified Williams that he would be placed on probation for 60 days in order to remediate his performance deficiencies. The assistant principal was again one of Williams's evaluators during his probation. During Williams's probation, the assistant principal prepared three progress reports and ultimately concluded that Williams had become proficient in one category, but otherwise remained not proficient.

A second evaluator independently reviewed Williams's performance during his probation. The second evaluator also prepared three progress reports and at the end of the probationary period, determined that Williams was not proficient in any of the four areas. In May 2012, the District informed Williams of its decision not to renew his employment contract for the 2012-2013 school year because he failed to make necessary improvement during his probation and,

2

specifically, because he did not achieve proficient ratings in all four categories as required for a teacher of his experience level.

Williams requested a hearing. See RCW 28A.405.310. During a two-day hearing, a hearing officer considered the testimony of six witnesses and numerous exhibits and found, by a preponderance of the evidence, that the District had sufficient cause for its decision not to renew Williams's contract. Williams appealed to the superior court, and the superior court affirmed. See RCW 28A.405.320. Williams now appeals to this court.

## EVALUATION CRITERIA

According to RCW 28A.405.340, a hearing officer's decision to uphold an adverse action regarding a teacher's contract may be overturned only if the decision: (1) violates constitutional provisions, (2) exceeds the statutory authority or jurisdiction of the board or hearing officer, (3) was rendered according to unlawful procedures, (4) is affected by an error of law, (5) is clearly erroneous in view of the entire record and the public policy contained in the act of the legislature authorizing the decision or order, or (6) is arbitrary or capricious. We review the factual determinations of a hearing officer to determine whether those determinations are clearly erroneous. Clarke v. Shoreline Sch. Dist. No. 412, 106 Wn.2d 102, 109, 720 P.2d 793 (1986). Unchallenged factual findings of the hearing officer are verities on appeal. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 407, 858 P.2d 494 (1993). We review the findings and conclusions of the hearing officer, owing no deference to the superior court's decision. See, e.g. Clarke, 106 Wn.2d at 110-11.

Williams contends that the District used the wrong criteria to evaluate him. In particular, he claims he should not have been evaluated using criteria set forth in an evaluation tool called the Professional Growth and Evaluation system because before the 2012-2013 school year, the District had not fully adopted this system.

The hearing officer's findings expressly address this argument. The version of RCW 28A.405.100 in effect at the time of the relevant events in this case required each public school district to adopt a new comprehensive system to evaluate classroom teachers and to implement that system within a span of three years beginning with the 2010-2011 school year. See former RCW 28A.405.100(1)(b), (7)(b) (2010). In accordance with this statutory directive, the District and the Seattle teachers' union agreed to adopt a new teacher evaluation system in the 2010-2013 Collective Bargaining Agreement. The hearing officer found:

> While the [Collective Bargaining Agreement] provided a phase-in of the [Professional Growth and Evaluation system] over a three year period, Mr. Williams requested to voluntarily participate in the [Professional Growth and Evaluation] system and its comprehensive evaluation procedures for the 2010-2011 school year (Ex. 5) even though he could have remained under the old system until the [Professional Growth and Evaluation] system was fully implemented.

Finding of Fact 11.

The hearing officer determined that the District properly evaluated Williams under the criteria established by the Professional Growth and Evaluation system and Williams's claim that he should have been evaluated under the system previously used by the District "has been waived because Mr.

4

Williams voluntarily requested participation" in the new system. "While the results of that participation were certainly not to his liking or what he expected, that does not change the legal impact of his decision."

Williams does not challenge the hearing officer's factual findings or legal determinations. The hearing officer's finding that Williams requested to be evaluated under the new system is based on an "Individual Voluntary Request" form that Williams signed on November 4, 2010. The form states:

> I am requesting pursuant to Article XI, Section H of the Collective Bargaining Agreement, as an individual certificated staff member, to voluntarily participate in the Professional Growth and Evaluation system. I acknowledge I will be placed on a comprehensive evaluation of the [Professional Growth and Evaluation] system for 2010-11.

Williams makes two arguments as to why, despite his signature on this document and his testimony that he voluntary chose to participate in the new evaluation system, the District should have evaluated him under the system that was being replaced. First, he contends that the form is not valid because it was signed on November 4, 2010, and that under the "Date of Request" line, the document contains the following pre-printed language "**Deadline**: Must be received by SEA and SPS Regional Executive Director on or before **October 15, 2010**." Second, he claims that even if valid, the form requested participation in the new system for only one year, the 2010-2011 school year.

A chief problem with these arguments is that Williams did not raise them below. At the hearing, Williams asserted that the request form had no effect because the District had no authority to adopt criteria that were inconsistent with the requirements of the governing statute, RCW 28A.405.100. Williams now

5

simply claims that the hearing officer misinterpreted the scope of his written request. He does not allege any manifest errors affecting a constitutional right, and this court need not consider the arguments raised for the first time on appeal. RAP 2.5(a).

But even if Williams had properly raised these claims below, the language of the document does not support his subjective interpretation of it. Consistent with his testimony at the hearing, the document clearly demonstrates Williams's intent to participate in the new evaluation system. We fail to see how the deadline date for receipt by certain District personnel affects or invalidates that request. The document does not state what, if any, consequence will occur if the document is received by the identified District employee after October 15, 2010. Likewise, nothing in the document indicates that Williams's request to opt into the new system expired at a particular point or required renewal for the 2011-2012 school year.

As the hearing officer noted, article XI, section H of the Collective Bargaining Agreement provided for Williams's voluntary participation. That section of the agreement set forth the implementation of the new evaluation system. For the 2010-2011 school year, "Level One" schools, new District employees, and employees in their first four years of teaching were required to be evaluated under the new system. A school not yet required to implement the system could do so upon two-thirds vote of certificated staff. Individual staff members could also voluntarily opt into the new system, and those who did so qualified for certain District positions.

For the 2011-2012 school year, the agreement required all employees in "Level Two" schools to adopt the new system. And again, schools and individual staff members could voluntarily move onto the new system early. In the final phase, the 2012-2013 school year, the agreement required "all remaining employees" to be evaluated according to the new system.

The agreement does not state a deadline for an individual staff member to opt into the new system. And nothing in the agreement suggests that an individual teacher's or a school's voluntary participation in the new system before such participation is mandatory is temporary or reversible. The agreement does not mention reversion to the previous system or renewal of a prior request to participate. Instead, the agreement provides that teachers and schools move into the new system either according to the mandatory schedule or before, by request. In sum, neither the form Williams signed nor the agreement by which the District adopted the new teacher evaluation tool supports Williams's claim that his request was invalid because it was not signed by a specific date or because his request was valid only for the 2010-2011 school year.

SUFFICIENT CAUSE FOR NONRENEWAL

Williams also contends that the District lacked sufficient cause not to renew his contract. Public school district superintendents have authority under RCW 28A.405.210 to not renew a certificated employee's contract based on probable cause. "Lack of necessary improvement during the established probationary period, as specifically documented in writing with notification to the

probationer[,] . . . shall constitute grounds for a finding of probable cause under RCW 28A.405.300 or 28A.405.210." Former RCW 28A.405.100(4)(a) (2010).

But here again, Williams fails to acknowledge or challenge the relevant findings of the hearing officer. The hearing officer found that under the Professional Growth and Evaluation system adopted by the District, teachers are evaluated in four "domains," each with five or six "observable components." Findings of Fact 7, 8. The hearing officer further found that there are four ratings available for each component: unsatisfactory, basic, proficient, and distinguished and that "teachers with four or more years of experience, such as Mr. Williams, must be proficient in all domains." Finding of Fact 10.

According to the hearing officer's findings, none of the three evaluators rated Williams as proficient in all domains. In fact, only one evaluator rated Williams as proficient in any domain. Accordingly, based on the evidence presented, the hearing officer found "that, at the conclusion of the probationary period, Mr. Williams was not proficient in all four domains as required" by the Professional Growth and Evaluation system. Finding of Fact 42. And based on this finding, the hearing officer determined that the District satisfied its burden of proving that Williams was "not proficient in all four domains" and there was "sufficient cause for the non-renewal" of Williams's teaching contract. Conclusion of Law 4.

Williams's evaluations gave the superintendent probable cause, under RCW 28A.405.210, not to renew his contract. Williams points to evidence that he attempted to comply with the support plan and the performance improvement

plan. He also claims there is no evidence that his teaching deficiencies were not remediable or that he materially breached a promise to teach. Williams does not explain how these asserted facts relate to the statutory standard of probable cause or to the evaluative criteria adopted by the District. He does not allege, much less establish, proficiency in all four domains, which is undisputedly required under the Professional Growth and Evaluation system.

There is substantial evidence in the record that Williams failed to achieve proficiency in all four domains during his probation. Accordingly, the hearing officer and superior court did not err in concluding that the District had sufficient cause not to renew Williams's contract.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, J.